**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ALICIA WORCH,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　Case No.  8:13-cv-660-T-30EAJ

**DELTA AIR LINES, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Complaint for Improper Venue or in the Alternative to Transfer (Dkt. 6) and Plaintiff's Response in Opposition (Dkt. 10).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted to the extent that it alternatively requests transfer of this action to the United States District Court for the Eastern District of Tennessee.

## BACKGROUND

On March 13, 2013, Plaintiff Alicia Worch, a former employee of Defendant Delta Air Lines, Inc., filed the instant employment action.  According to the amended complaint, Plaintiff began working for Delta on or about December 11, 2006, as a Reservation Sales Agent at Delta's Tampa, Florida location.  In May 2009, Plaintiff transferred to Delta's Knoxville, Tennessee location to work as an Airport Customer Service Agent.

Plaintiff alleges that she has been diagnosed with narcolepsy and high blood pressure. These medical conditions severely restrict several of her major life activities. Plaintiff avers that Delta perceived her as disabled due to these conditions. After Plaintiff's transfer to Knoxville, Delta provided Plaintiff an informal accommodation so that she would not have to operate heavy machinery. At some point, Plaintiff informed her supervisor that her disability medications were being changed. Subsequently, Plaintiff's supervisor withdrew her informal accommodations.

Plaintiff repeatedly attempted to obtain new accommodations for her disabilities, but Delta resisted her attempts and treated her hostilely. As a result, in or around April 2010, Plaintiff filed an internal discrimination complaint against Delta. Plaintiff also filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in the Knoxville, Tennessee office.

Plaintiff alleges that during her employment at the Knoxville Delta location, her supervisor would frequently deny her leave requests related to her doctor's appointments. At some point, Plaintiff's job duties were changed and her new duties included activities that Plaintiff's doctors had restricted her from performing due to her disabilities. When Plaintiff addressed this issue with Delta, she was told that she should consider a new line of work. Plaintiff was continually subjected to retaliation based on the complaints she filed against Delta and Delta continued to deny Plaintiff any reasonable accommodations. As a result, Plaintiff was forced to resign from her employment in September 2011.

Plaintiff returned to Tampa, Florida, and applied at the Delta Tampa location for the same Reservation Sales Agent position that she had held when she was initially employed

at Tampa's Delta location. Delta informed Plaintiff that she was not qualified for the position. Plaintiff alleges that this denial was evidence of further retaliation based on Plaintiff's previous complaints.

Plaintiff's amended complaint asserts six causes of action against Delta under the American with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA").

Delta now moves to dismiss Plaintiff's amended complaint for improper venue. In the alternative, Delta moves to transfer venue to the United States District Court for the Eastern District of Tennessee. The Court concludes that Delta has established that transfer of this case is appropriate for the convenience of the parties based on the factors discussed below.

## DISCUSSION

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought". Plaintiff does not dispute that this case could have been filed in the Eastern District of Tennessee. Thus, the Court's only determination is whether, out of convenience to the parties and in the interests of justice, this action should be transferred to the Eastern District of Tennessee.

The Eleventh Circuit has outlined a number of factors for the Court to consider in deciding whether to transfer a case. These factors include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means

of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005). The Court addresses each factor in turn.

**A.     The Convenience of the Witnesses**

The convenience of the forum for witnesses is generally considered the single most important factor in the analysis of whether a transfer should be granted. *See Gonzalez v. Pirelli Tire, LLC*, No. 07-80453-CIV, 2008 WL 516847, at *2-3 (S.D. Fla. Feb. 22, 2008). Delta points out that this matter will require significant testimony regarding Plaintiff's employment. Delta contends that most of the potential witnesses, including Delta supervisors and employees, are located in Knoxville or Atlanta (which is less than 200 miles from Knoxville). Delta points out that only Plaintiff is located in Florida, where she relocated after leaving Delta's employment. Delta also argues that, although Plaintiff was denied employment at Delta's Tampa office, the witnesses with knowledge on that issue are also located in Knoxville or Atlanta.

Notably, Plaintiff does not dispute that the majority of witnesses are located in Knoxville or Atlanta. Thus, this factor weighs greatly in favor of transfer.

**B.     Location of Documents and Relative Ease of Access to Sources of Proof**

With respect to the location of documentary evidence, Delta argues that all relevant documents in this matter are located either in the Knoxville Airport or at Delta's

Headquarters in Atlanta. Delta states that investigation of both the documents and the other sources of proof in this matter will thus occur in Tennessee or Georgia.

Plaintiff does not dispute this point. Accordingly, this factor weighs in favor of transfer.

**C.     The Convenience and Relative Means of the Parties**

Delta argues that, although Plaintiff would have to travel to Knoxville for the trial, this inconvenience is minor and greatly outweighed by the inconvenience to Delta of requiring its supervisors, managers, and employees to travel to Tampa for the trial. Delta points out that Plaintiff is the only witness located in Tampa. And, although Plaintiff's financial means are clearly less than Delta's, Plaintiff would likely travel to Knoxville anyway, in order to attend the depositions of Delta's employees.

Plaintiff does not address these issues in her response. Thus, this factor weighs in favor of transfer.

**D.     The Locus of Operative Facts**

Delta argues that Florida has little interest in the litigation of this case in this forum because the majority of the events occurred in Tennessee. The Court agrees that, based on the allegations of the amended complaint, the salient events occurred in Tennessee.

Plaintiff argues that she began her employment in the Tampa office, but this fact is not material because Plaintiff does not allege that any unlawful activity occurred *during* her Tampa employment. Plaintiff also points out that Delta denied her employment at the Tampa office after she moved back to Tampa, but Plaintiff does not address Delta's argument that the entity that determined the denial of further employment is a third-party vendor located

in Atlanta. Specifically, according to the Declaration of Melissa Seppings, Delta's Director of Human Resources, any applications for rehire submitted by Plaintiff would have first been reviewed by a third-party vendor who assists Delta in the hiring process. These reviews take place in either Atlanta or Chicago. According to Ms. Seppings, Plaintiff's applications for the Tampa positions were handled by an individual located in Atlanta, who reviewed the applications and sent Plaintiff a rejection e-mail based on the fact that Plaintiff had previously worked for Delta and was coded ineligible for rehire.

Accordingly, this factor weighs in favor of transfer.

**E.   The Availability of Process to Compel the Attendance of Witnesses**

This factor weighs in favor of transfer. As Delta points out, individuals in Knoxville and Atlanta cannot be subpoenaed to testify at the trial in this action because they live more than 100 miles from this Court. Plaintiff does not dispute this issue.

**F.   The Forum's Familiarity with the Law**

This factor is not relevant to the Court's analysis because federal employment law applies to this action.

**G.   The Weight Accorded to a Plaintiff's Choice of Forum**

Generally speaking, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996). But where, as here, "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Social Language Processing, Inc. v. OTT,* No. 12-62286-CIV,

2013 WL 1442168, at *4 (S.D. Fla. Apr. 9, 2013) (citations omitted). Thus, this factor is mostly neutral.

H.   **Trial Efficiency and the Interests of Justice**

For all the reasons discussed above, this final factor weighs in favor of transferring this case to the United States District Court for the Eastern District of Tennessee.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Complaint for Improper Venue or in the Alternative to Transfer (Dkt. 6) is granted to the extent that this action shall be transferred to the United States District Court for the Eastern District of Tennessee, Knoxville Division. The Clerk of Court is directed to effectuate this transfer.

2. The Clerk of Court is also directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on August 1, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-660.mttransfer.frm